IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY L. BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3111 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DR. BAGLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The above-entitled case is a duplicate in all important respects of Case No. 4:06cv3117, filed by the same plaintiff, Gary L. Blankenship, a prisoner, against the same defendant, Dr. Bagley, concerning medical care in the plaintiff's institution. The secondary defendants differ, but the claims, facts, applicable law, prospective witnesses, context and other facets of the cases are the same. The plaintiff has filed identical motions in both cases. Case No. 4:06cv3117 is pending on the docket of Chief Judge Joseph F. Bataillon.

The plaintiff does not require two cases in which to present the same claims against the defendants, and, in fact,"plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000).

"District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

Because of the overlapping claims, duplicate motions, risk of inconsistent judgments and other problems associated with two virtually identical cases, the defendants have moved in both actions to consolidate the cases. That procedure is unnecessarily

complicated. Ordinarily, the second case to be filed can simply be dismissed in the event of duplicate cases such as these. However, these cases differ slightly from the norm in that Chief Judge Bataillon has appointed counsel to represent the plaintiff in Case No. 4:06cv3117, and counsel has entered his appearance and has begun his representation of the plaintiff. Therefore, I will dismiss the above-entitled case as a duplicate of the other litigation. If counsel, in his discretion, believes that he should move for leave to amend the pleadings in Case No. 4:06cv3117 in order to add claims or parties, the dismissal of the above-entitled action should provide grounds to do so if such a motion is filed in a timely manner.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case is dismissed without prejudice as a duplicate of Case No. 4:06cv3117 in virtually all important respects;

2. That all pending motions in the above-entitled case are denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

February 14, 2007.          BY THE COURT:

                            s/ *Richard G. Kopf*
                            United States District Judge